*Salveson v. JPMorgan Chase & Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

───────────────────────────────────────────────

MELVIN SALVESON, EDWARD LAWRENCE,
DIANNA LAWRENCE, WENDY M. ADAMS,

>*Plaintiffs-Appellants*,

>v.                                                                        No. 20-2658

JPMORGAN CHASE & CO., JPMORGAN CHASE
BANK, N.A., BANK OF AMERICA CORPORATION,
BANK OF AMERICA N.A., CAPITAL ONE, F.S.B.,
CAPITAL ONE FINANCIAL CORPORATION, CAPITAL
ONE BANK, HSBC FINANCE CORPORATION, HSBC
BANK USA, N.A., HSBC NORTH AMERICA
HOLDINGS INC., HSBC HOLDINGS PLC,

>*Defendants-Appellees.*

───────────────────────────────────────────────

FOR APPELLANTS:                    JOSEPH M. ALIOTO JR. (Joseph M. Alioto, Jamie Miller, Alioto Law Firm, San Francisco, CA, *on the brief*), Joseph Alioto Jr. Law, San Francisco, CA.

FOR APPELLEES:                     BORIS BERSHTEYN (Michael M. Powell, Kamali Pettiford Willet, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for JPMorgan Chase & Co., JPMorgan Chase Bank, N.A.*

David Lesser, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for HSBC Finance Corporation, HSBC Bank USA, N.A., HSBC North America Holdings Inc., HSBC Holdings PLC.*

Michael B. Miller, Morrison & Foerster LLP, New York, NY, *for Bank of America Corporation, Bank of America N.A.*

Andrew J. Frackman and Abby F. Rudzin, O'Melveny & Myers LLP, New York, NY, *for Capital One, F.S.B., Capital One Financial Corporation, Capital One Bank.*

FOR AMICI CURIAE MERCHANT
PLAINTIFFS:                        Adam O. Glist (Jeffrey I. Shinder and Ankur Kapoor, *on the brief*), Constantine Cannon LLP, New York, NY, *for 7-Eleven.*

Steig D. Olson and David M. Cooper, Quinn Emanuel Urquhart and Sullivan LLP, New York, NY, *for The Home Depot, Inc., Home Depot U.S.A., Inc.*

James A. Wilson, Robert N. Webner, and Kimberley Weber, Herlihy, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, and Kathy Patrick, Barrett Reasoner, and Denise Drake, Gibbs & Bruns LLP, Houston, TX, *for Target.*

John C. Briody and James H. Smith, McKool Smith, New York, NY, *for Elgin Ave. Recovery, LLC, successor in interest to Sears Holdings Corporation.*

Appeal from an order of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 16, 2020, is **AFFIRMED**.

Plaintiffs-Appellants Melvin Salveson,[1] Edward Lawrence, Dianna Lawrence, and Wendy M. Adams ("plaintiffs") brought this antitrust action on behalf of themselves and a putative class of similarly situated Mastercard and Visa cardholders alleging that the Defendant-Appellee banks ("defendants") conspired to fix the interchange fees imposed in processing credit and debit card transactions, in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and California's Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.*

Plaintiffs' complaint was dismissed in 2014, and their motion for reconsideration was denied in 2016. *See Salveson v. JP Morgan Chase & Co.*, 14-CV-3529 (JG), 2014 WL 12770235 (E.D.N.Y. Nov. 26, 2014) (dismissing federal claim and declining to exercise supplemental jurisdiction over California claim); *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242 (E.D.N.Y. 2016) (denying plaintiffs' motion for reconsideration, but granting defendants' motion for reconsideration and dismissing California claim).[2] We affirmed. *See Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71 (2d Cir. 2016) (summary order). More than three years later, plaintiffs moved in the district court for relief from final judgment under Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) provides that a court "may relieve a party or its

---

[1] Salveson has died. Plaintiffs move to substitute a representative for Salveson and to amend the caption accordingly. Because we affirm the district court's denial of plaintiffs' motion for relief from final judgment, we deny as moot plaintiffs' motion to substitute a party and amend the caption. Separately, we hereby grant the merchant plaintiffs' motion for leave to file a brief as amici curiae.

[2] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

legal representative from a final judgment . . . for . . . any . . . reason that justifies relief." Plaintiffs argued in the district court, and assert again on appeal, that the Supreme Court's decisions in *Ohio v. American Express Co.*, 138 S. Ct. 2274 (2018), and *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019), changed the decisional law regarding antitrust standing and that the cases entitled them to relief under Rule 60(b)(6). The district court rejected both of these arguments and denied plaintiffs' Rule 60(b) motion. Plaintiffs now appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Litigants are entitled to relief under Rule 60(b)(6) only in "extraordinary circumstances." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *accord Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55-56 (2d Cir. 2004). While a change in decisional law alone is generally not sufficient to warrant Rule 60(b)(6) relief, a change in decisional law that produces "inconsistent results between two sets of plaintiffs suing for damages based on the same incident" may constitute "extraordinary" circumstances warranting relief. *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013). "We review a district court's decision on a Rule 60(b) motion for abuse of discretion." *Id.* "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.* "An appeal from an order denying a rule 60(b)(6) motion brings before [the Court] only the denial of the motion, not the merits of the underlying judgment." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).

As we recognized back in 2016, cardholders do not directly pay the heightened interchange fees that plaintiffs claim are the result of the defendant banks' alleged conspiracy. *See Salveson*, 663 F. App'x at 75 ("Contrary to plaintiffs' allegations, the structure of these transactions demonstrates that cardholders do not directly pay interchange fees."). From this starting point, we reasoned that plaintiffs were not directly injured by the supracompetitive interchange fees that they alleged defendants imposed, and concluded that plaintiffs were barred from suing the banks for antitrust injury by the doctrine established in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). *See id.*; *see also Salveson*, 2014 WL 12770235, at *3 ("Because the interchange fee runs between financial institutions within the card services

4

market, consumers do not directly pay interchange fees and are not directly injured by their imposition."); *Salveson*, 166 F. Supp. 3d at 252 (recognizing that "Plaintiffs' allegations did not permit a reasonable inference that cardholders are direct payors" and that "Plaintiffs have not identified any controlling law that the Court overlooked"). In denying Rule 60(b) relief, the district court concluded that *American Express* and *Apple* did not call these prior decisions into question: Plaintiffs' complaint still failed to plausibly allege that they were direct payors of the interchange fees. We identify no abuse of discretion in the district court's ruling.

With respect to *American Express*, plaintiffs overstate the scope of the Supreme Court's decision. In plaintiffs' view, that decision established that credit card markets involve the sale of a single product—transactions—to both cardholders and merchants. On this basis, plaintiffs contend that they pay the interchange fee when they "purchase transactions" from the defendant banks. Appellants' Br. at 29. This argument confuses the issue of market definition, however, with the issue of who may be a proper plaintiff under *Illinois Brick*. Importantly, *American Express* did not directly address antitrust standing at all. After *American Express*, courts must use a two-sided market definition when analyzing market power in the credit card market, but we do not understand the decision to bar courts from treating participants in these markets as purchasers of distinct goods for the purposes of the *Illinois Brick* doctrine. *See American Express*, 138 S. Ct. at 2280 (explaining that a credit card network "provides *separate* but interrelated services to both cardholders and merchants" (emphasis added)). The district court recognized the import of the *American Express* decision, but reasonably concluded that the ruling did not call into question the prior dismissal of plaintiffs' complaint on the ground that plaintiffs do not directly pay the interchange fees.

The district court also reasonably concluded that plaintiffs were not entitled to Rule 60(b) relief in light of *Apple*. In *Apple*, the Supreme Court held that iPhone owners were not barred by the *Illinois Brick* doctrine from suing Apple for taking a 30% commission from iPhone app sales before passing on the remainder of the sale price to app developers. 139 S. Ct. at 1519-20 (explaining that "the iPhone owners were direct purchasers who may sue Apple for alleged monopolization" because "[i]t [wa]s undisputed that the iPhone owners

5

bought the apps directly from Apple"). On appeal, plaintiffs maintain that *Apple* confirms their reading of *American Express*—that it establishes that cardholders, as participants in a two-sided market, pay the interchange fees charged by one bank to another in the course of processing credit card transactions.

But the *Apple* decision turned on the basic fact that the iPhone owner plaintiffs, who alleged they were injured by the 30% commission, also purchased the apps directly from Apple, and thus paid the allegedly supracompetitive price directly to Apple. Under these circumstances, the Court held, *Illinois Brick* did not preclude the suit. *See Apple*, 139 S. Ct. at 1525 (explaining that plaintiff consumers' suit was not barred by *Illinois Brick* because they "purchased apps directly from Apple, and they allege that Apple used its monopoly power over the retail apps market to charge higher-than-competitive prices"). Here, we and the district court have repeatedly rejected as implausible plaintiffs' allegation that cardholders pay the interchange fee directly to the defendant banks. The district court thus reasonably rejected plaintiffs' motion for Rule 60(b) relief based on the *Apple* decision.

\* \* \*

We have considered plaintiffs' remaining arguments and find in them no basis for reversal. The order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court